UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEBORAH L. CRAWLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:04 CV 626 |
| LISA GIRTON, | ) ) ) | |
| Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on a motion to dismiss filed by defendant Lisa Girton ("Girton") on March 8, 2005. (Def.'s Mot. Dismiss, docket # 18.) For the following reasons the court **RESERVES RULING** on the motion.

### I.  PROCEDURAL HISTORY

On September 22, 2004, plaintiff Deborah L. Crawley, a *pro se* litigant, filed this action in the Southern District of Indiana, naming Girton as the sole defendant. (Compl., docket # 1, at 1.) Plaintiff alleges discrimination, retaliation, harassment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964. (Compl. 2.) All alleged violations occurred during plaintiff's employment with Ivy Tech Community College of Indiana ("Ivy Tech") between November 11, 2001, and April 2, 2004. (Compl. 2, 7.) On October 1, 2004, this case was transferred to this district. (Order, docket # 5; Transfer Notice, docket # 6.)

As of August 2005 plaintiff had not effectuated service, and on August 12, 2005, Magistrate Judge Nuechterlein ordered plaintiff to serve Girton by September 30, 2005, and warned plaintiff that failure to do so could result in the dismissal of her case. (Order, docket # 8.) Plaintiff once again failed to serve Girton, however this court granted plaintiff another extension of time allowing plaintiff until January 28, 2006, to serve Girton, and to either file a notice of self-representation or ensure that an attorney file an appearance on plaintiff's behalf. (Order, docket # 13.) On January 23, 2006, plaintiff filed a request for "an extension of time to pursue [her] case," stating that she would proceed *pro se* and required more time for research. (Pl.'s Mot. Ext, docket # 14.) The court granted plaintiff yet another extension of time to effectuate service. (Order, docket # 15.) Plaintiff finally served Girton on February 28, 2006. (Docket # 16.) By this point, approximately a year and a half had passed since plaintiff had filed the complaint. Girton now asks that plaintiff's claim be dismissed on the ground that Girton is not a proper defendant. (Def.'s Mot. Dismiss; Def.'s Br., docket # 19.) As of the date of this order, plaintiff has not responded to Girton's motion.

## II. FACTUAL BACKGROUND

The following factual account is based on plaintiff's complaint allegations. Plaintiff is an African-American woman who was employed as a clerk by Ivy Tech from November 29, 2001, to April 2, 2004. (Compl. 2, 7.) Throughout plaintiff's employment with Ivy Tech, plaintiff was supervised by Girton. (Compl. 2.) On December 8, 2003,

2

Girton issued a verbal disciplinary notice to plaintiff, accusing her of excessive personal calls and lunch breaks. (Compl. 2.) Plaintiff maintained that these accusations were false. (*Id*.) Girton did not reprimand plaintiff's caucasian coworkers who, according to plaintiff, did in fact engage in excessive personal activities at the workplace. (Compl. 5.) On occasion, several of plaintiff's coworkers made racist comments about African-Americans, although never directly to plaintiff. (Compl. 6.) From February 23, 2004, until plaintiff's termination on April 2, 2004, Girton and another supervisor harassed plaintiff, accusing her of failing to properly carry out her duties for which she never received the written instructions. (Compl. 8, 9.)

On March 10, 2004, plaintiff received a written reprimand and warning from Girton for poor performance. (Compl. 9.) Because plaintiff disagreed with the grounds of the written reprimand, she filed a complaint with the South Bend Human Rights Commission and EEOC. (Compl. 9; EEOC Charge of Discrimination.) Sometime in March of 2004, Girton verbally expressed to plaintiff dissatisfaction with plaintiff's demeanor towards her. This resulted in a verbal dispute between plaintiff and Girton, after which a human resources representative informed plaintiff that she could be fired for insubordination. On April 2, 2004, Girton terminated plaintiff. (Compl. 7.)

### III. LEGAL STANDARD

A court reviewing a motion to dismiss a complaint pursuant to FED. R. CIV. P. 12(b)(6) looks strictly at whether the plaintiff has properly stated a claim, and does not

test whether the plaintiff will prevail on the merits. *See Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir. 1995) (*citing Scheuer v. Rhodes,* 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)). A court may properly dismiss a claim under RULE 12(b)(6) when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Weizeorick v. ABN AMRO Mortgage Group, Inc.,* 337 F.3d 827, 830 (7th Cir. 2003). In other words, "a complaint [or part of a complaint] should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In examining a motion to dismiss, the court merely looks to the sufficiency of the complaint. *Autry v. Nw. Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998). The court should "accept all well-plead allegations in the complaint as true," *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 637 (7th Cir. 2004), viewing "plaintiff's factual allegations and any inferences reasonably drawn therefrom in a light most favorable to the plaintiff." *Yasak v. Ret. Bd. of the Policemen's Annuity Fund,* 357 F.3d 677, 678 (7th Cir. 2004).

**IV.    DISCUSSION**

The Seventh Circuit has firmly established that Title VII does not provide for individual liability of supervising agents of an employer. *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer."); *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494

(7th Cir. 1998); *Sattar v. Motorola Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998). Plaintiff does not dispute that Girton was her supervisor and not her employer (Def.'s Mot. Dismiss 1, 2.) Rather, plaintiff herself refers to Girton as plaintiff's "immediate supervisor" and the "office supervisor," and, in fact, names Ivy Tech as the "employer who discriminated against me." (EEOC Charge of Discrimination; Compl. 2.) Accordingly, Girton was not plaintiff's employer, and is not therefore a proper Title VII defendant in this action. *Williams*, 72 F.3d at 555.

However, in keeping in line with the spirit of Title VII, as well as acknowledging plaintiff's *pro se* status, the court grants plaintiff leave to amend her complaint to name Ivy Tech as the proper defendant. *See EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (noting that Congress' intent behind Title VII was to allow plaintiffs redress against their employers); *Jenkins v. Blue Cross Mut. Hosp. Ins. Inc.*, 538 F.2d 164, 166-68 (7th Cir. 1976) (explaining that under Title VII, lay plaintiffs should not be hindered because of technicalities); *Smith v. U.S. Dist. Ct. for the S. Dist. of Ill.*, 956 F.2d 647, 649 (7th Cir. 1992) (explaining that pleadings of *pro se* parties may be held to less stringent standards than those of parties with legal representation). Plaintiff shall file any such amended complaint **no later than Friday, July 28, 2006**.

## V. CONCLUSION

For the forgoing reasons, the court **RESERVES RULING** on Girton's motion to dismiss. (Docket # 18.) It is **ORDERED** that plaintiff shall have until **July 28, 2006**, to

5

file an amended complaint in accordance with this order. It is further **ORDERED** that plaintiff shall comply with all applicable service of process deadlines of the FEDERAL RULES OF CIVIL PROCEDURE. **NO EXTENSIONS WILL BE GRANTED**. As plaintiff has repeatedly missed deadlines, the court explicitly warns plaintiff that failure to comply with this order and its deadlines will result in the dismissal of this action with prejudice.

                                      **SO ORDERED.**

**ENTER**: July 10, 2006

                                      s/James T. Moody  
                                      JUDGE JAMES T. MOODY  
                                      UNITED STATES DISTRICT COURT